Leonard MAX, Plaintiff,

v.

Richard PALADINO; C. Posilovich; City of Chicago, a Municipal Corporation; John Jess; John Zandy; the United States of America; and Officer McLendon, Defendants.

No. 85 C 8289.

United States District Court,
N.D. Illinois, E.D.

March 13, 1987.

**938**

Constantine John Gekas, Marianne S. Harvitt, Harvitt & Gekas, Ltd., Chicago, Ill., for plaintiff.

Judson H. Miner, Corp. Counsel, Sharon M. Sullivan, Asst. Corp. Counsel, City of Chicago, Dept. of Law, Martin B. Lowery, Asst. U.S. Atty., Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

BRIAN BARNETT DUFF, District Judge.

The individual defendants, federal agents Jesse and Zandy and Chicago police officers Paladino and Posilovich, move for reconsideration of this court's order preserving plaintiff's false arrest claim under 42 U.S.C. § 1983. That order, dated August 6, 1986, denied the federal defendants' motion to dismiss with respect to the false arrest claim, and also denied the Chicago defendants' motion to dismiss or for summary judgment with respect to the same claim.

Defendants attack the false arrest claim with the following arguments: (1) neither the allegations of the complaint nor the evidence on the Chicago defendants' summary judgment motion support a conclusion that defendants arrested plaintiff without probable cause; (2) even if defendants lacked probable cause to arrest plaintiff, their actions at most were negligent, and mere negligence cannot result in liability under § 1983, *see Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 664–66, 88 L.Ed.2d 662 (1986) and *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668, 670–71, 88 L.Ed.2d 677 (1986); and (3) the federal defendants are entitled to dismissal because they are absolutely immune from suit for common law torts, and plaintiff's § 1983 claim is merely an artfully pleaded common law tort.

The court rejects all three arguments. (1) The proposition that defendants had probable cause to arrest plaintiff is untenable. The complaint and the evidence on the Chicago defendants' summary judgment motion suggest that defendants arrested plaintiff after he did no more than sign for a package addressed to an absent employee. Nothing before the court suggests that defendants had any reason to believe plaintiff knew what was in the package or misled them about the person to whom the package was addressed. These circumstances do not establish probable cause.

(2) Defendants' contention that *Daniels* and *Davidson* shield them from liability likewise is weak. Those cases hold that § 1983 and the Fourteenth Amendment's due process clause do not create a cause of action for negligent deprivations of life, liberty or property—in *Daniels* for an injury resulting after a prison guard left a pillow on a staircase, and in *Davidson* for an injury that occurred when prison officials failed to protect one inmate from another. As the Court observed in *Daniels*, the Fourteenth Amendment's due process guarantee historically "has been applied to *deliberate* decisions of government officials to deprive a person of life, liberty or property." 106 S.Ct. at 665 (emphasis in original).

■ It would be wrong for two reasons to hold that *Davidson* and *Daniels* shield defendants from § 1983 liability in this case. First, the Supreme Court explicitly limited the reach of those decisions to § 1983 claims arising from negligent conduct. Plaintiff's claim is different because it alleges intentional conduct; by its nature an arrest is an intentional act.

Second, a rule that government officials are immune from suit under § 1983 whenever they do not intend to violate a person's civil rights would conflict with the doctrine of qualified immunity established in *Harlow v. Fitzgerald,* under which officials are immune from suit only to the extent that their actions do "not violate clearly established statutory or constitutional rights of which a reasonable person would have known." 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). Nothing in either *Daniels* or *Davidson* suggests that the Court intended to replace *Harlow*'s objective "reasonable person" standard for official liability with a subjective rule granting qualified immunity whenever officials lack an affirmative intent to violate individuals' civil rights.

■ (3) The federal defendants submit no authority to support their assertion that as federal officials they are absolutely immune from liability for conduct that is both a common law tort and a constitutional violation. This omission is no oversight, because no such authority exists. Indeed, the Seventh Circuit has written that while federal officials enjoy absolute immunity for statutory and common law violations, "[t]he Supreme Court has struck the balance differently for most 'constitutional torts,'" for which federal officials may only claim qualified immunity. *Carson v. Block,* 790 F.2d 562, 565 (7th Cir.1986). This passage strongly supports a conclusion that the federal defendants are not entitled to absolute immunity for their alleged violations of plaintiffs' constitutional rights, even if plaintiff might also have pleaded the same facts as common law torts.

For the foregoing reasons, the motions for reconsideration are denied.

IT IS SO ORDERED.